IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ANTHONY WAYNE ADAMS, | § |
| | § |
| V. | § CIVIL ACTION NO. G-03-542 |
| | § |
| C.M. BRYANT, ET AL. | § |

## OPINION AND ORDER

Plaintiff Anthony Wayne Adams brings this civil rights action seeking damages for injuries allegedly suffered at the hands of Deputy Bryant on March 13, 2003. Now before the Court is Defendant C.M. Bryant and Sheriff Gean Leonard's Motion for Summary Judgment, to which Plaintiff has filed a Response and Supplemental Response.

Plaintiff alleges that during the afternoon of March 13, 2003, after stealing a couple bottles of wine and some salad dressing from a convenience store in Bayview, Texas, he fled the store and injured his knee while jumping a fence to escape two teenage boys who were chasing him with baseball bats.[1] With injured knee, Plaintiff sat down under a tree and waited for police to arrive and arrest him. After approximately five minutes, deputy Bryant arrived; Sergeant Martinez arrived later and he and Bryant handcuffed the Plaintiff. Bryant then forced Plaintiff to his feet and tried to force him to walk, but Plaintiff could not and collapsed to the ground in searing pain. Plaintiff told Bryant that he could not walk because of the pain, so Bryant grabbed Plaintiff's handcuffs and started dragging him on his injured leg. At no time did Plaintiff resist arrest. After dragging Plaintiff for approximately ten yards, Bryant stopped and ordered Plaintiff to walk. Again, Plaintiff told Bryant that he could not walk because of his injury. Bryant accused Plaintiff of lying, then grabbed Plaintiff between the wrists at the handcuffs and began

---

[1] Plaintiff's Response to Defendants' Motion for Summary Judgment, Exhibit 1, Affidavit of Anthony Wayne Adams.

1

dragging him again. This same scenario occurred one additional time; Adams was in so much pain that he defecated on himself. When Bryant reached the patrol car with Plaintiff in tow, after dragging him 80 to 100 yards, Plaintiff persuaded Bryant to call the paramedics. Upon arrival, the paramedics examined Plaintiff and determined that his leg was not broken. Plaintiff was then placed in Deputy Bryant's patrol car and taken to jail in Kemah, Texas, where he remained until 5:00 a.m., when Bryant arrived to transport Plaintiff to the Galveston County Jail. Bryant threatened to spray Plaintiff with mace if he refused to walk again. Because of the threat, Plaintiff chose to hobble on his injured leg to Bryant's patrol car. When they arrived at the county jail in Galveston, the booking officer would not admit Plaintiff until he was taken to the hospital to see a doctor about his knee. Bryant transported Plaintiff to UTMB, parked on the farthest side of the parking lot and forced Plaintiff to walk into the emergency room. During this long walk, Plaintiff fell several times, striking his face on the ground. Bryant told Plaintiff that he was being forced to walk to teach him a lesson. After the incident, Plaintiff's arms were heavily bruised from being dragged by Defendant Bryant[2]; he also learned that his injured knee required surgery.[3]

       Defendant Bryant moves for summary judgment dismissal on the basis of qualified immunity. He argues that Plaintiff was intoxicated on the date of the arrest and it was therefore necessary for Bryant and Martinez, who arrived from the Kemah Police Department, to physically carry Plaintiff to the patrol car and into the jail. Defendant argues that given Plaintiff's inebriated state and refusal to cooperate, Bryant's actions, which consisted of nothing more than taking him to the ground in order to handcuff him, carrying him to the patrol car and calling the EMS, were reasonable under the circumstances.

---

[2] *Id.*

[3] Plaintiff's Response to Defendants' Motion for Summary Judgment, Exhibit 5.

The Court, when considering a summary judgment motion, should not make credibility decisions and must view the evidence in the light most favorable to the non-movant, drawing every reasonable inference in his favor. *Dibidale of La., Inc. v. American Bank & Trust*, 916 F.2d 300, 307-08 (5th Cir. 1990)("Credibility assessments are not fit grist for the summary judgment mill."); *Tamini v. Salem Dry Cargo AB*, 866 F.2d 741, 742 (5th Cir. 1989). If the facts as interpreted in the light most favorable to the Plaintiff indicate a violation of clearly established law, and limited discovery or answers to interrogatories indicate material facts are in dispute, then immunity from suit is properly lost and summary judgment is not possible. Guided by these legal principles, it is **ORDERED** that Summary Judgment (Instrument no. 21) is **DENIED as to all claims against Defendant Bryant**. If a jury believes Plaintiff's evidence, it would justifiably find that Plaintiff suffered some harm that resulted directly and only from the use of force by Defendant Bryant which was clearly excessive to the need; and, the excessiveness of which was objectively unreasonable in light of the facts and circumstances at the time. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

Plaintiff has also sued Gean Leonard, Sheriff of the Galveston County Sheriff's Department, alleging that the Sheriff's Department had a custom in place that enabled its agents and employees to act with deliberate indifference by tolerating the misconduct of patrol deputies. Plaintiff also asserts that the Sheriff's Department, through the direct actions of Sheriff Leonard, failed to adequately supervise, discipline, or train deputies. Defendant seeks summary judgment claiming that Plaintiff has failed to show that Leonard had any personal involvement in the harm for which he sues.

Personal involvement is an essential element of a civil rights cause of action and requires that Plaintiff establish an affirmative link between his injuries and Defendant's personal conduct. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976); *see also Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 758 (5th Cir. 1986), *aff'd in part and remanded in part*, 491 U.S. 701 (1989). As stated by the Fifth Circuit

in *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (1987), an individual Defendant is entitled to a "specific recital" of the wrongs he is alleged to have **personally perpetrated** on the Plaintiff. Failure to indicate an individual Defendant's personal involvement in the alleged unconstitutional action is grounds for dismissing the complaint. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986). Because no facts have been pleaded to show that any policy existed regarding the encouragement of misconduct by Sheriff's Department employees, or that Defendant Leonard was, in any other way, personally involved in the constitutional violation, if any, of which Plaintiff complains, Defendant Leonard cannot be subjected to liability under Section 1983 in either his individual or official capacity.  For this reason, it is **ORDERED** that Defendants' Motion for Summary Judgment (Instrument no. 21) is **GRANTED as to all claims against Defendant Leonard**.

**DONE** at Galveston, Texas, this the   21st   day of July, 2005.

John R. Froeschner
United States Magistrate Judge